145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles HUNTLEY, Petitioner-Appellant,
v.
A.C. NEWLAND, Warden, Respondent-Appellee.
 No. 97-15542.
D.C. No. CV-96-02201-CAL.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Charles A. Legge, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Huntley, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We affirm.
 
 A. Sufficiency of the Evidence
 
 3
 Huntley contends the evidence at trial was unreliable and therefore insufficient to support his conviction. He raises numerous points impugning the trustworthiness of Leletitia Mapp's taped statements to the police and the trial testimonies of Patricia and Bernadette Reed. Because all of the matters of which Huntley complains were brought out at trial, Huntley's trial was not rendered fundamentally unfair by unreliable testimony. See Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).[1]
 
 
 4
 Nor is the record lacking sufficient evidence from which a jury could infer that Huntley, upon preexisting reflection and after weighing considerations, choked Johnson intending to kill her. See People v. Perez, 2 Cal.4th 1117, 9 Cal.Rptr.2d 577, 831 P.2d 1159, 1163 (Cal.1992); People v. Kelly, 51 Cal.3d 931, 275 Cal.Rptr. 160, 800 P.2d 516, 531 (Cal.1990); People v. Wells, 199 Cal.App.3d 535, 540, 245 Cal.Rptr. 90 (Cal.App.1988). Thus, we reject Huntley's insufficiency of the evidence claim. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 B. Ineffective Assistance of Trial Counsel
 
 5
 Huntley has not shown that the murder occurred at the exact time that he was stopped by a police officer for a traffic violation on the night of the murder. Consequently, his claim that counsel's cross-examination of the officer was ineffective fails for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 6
 Because the witnesses confirmed their identifications of Huntley at trial, counsel was not ineffective when he failed "to seek instructions on corroboration of unconfirmed extrajudicial identifications." See id.
 
 
 7
 When the prosecutor stated that jurors first must determine whether Huntley had committed first degree murder before addressing lesser included offenses, the prosecutor correctly summarized California law and we find no constitutional infirmity. Contrary to Huntley's arguments, the prosecutor's statement that even drug users remember tragedies was based on facts in evidence: witnesses testified that despite drug use they distinctly remembered watching Huntley choke his victim to death. Counsel was not ineffective for failing to object to either statement by the prosecutor. See Morrison v. Estelle, 981 F.2d 425, 429 (9th Cir.1992) (counsel not ineffective for failing to make futile objections).
 
 
 8
 We reject each of Huntley's other ineffective assistance contentions for the reasons stated by the district court.
 
 
 9
 C. Ineffective Assistance of Appellate Counsel
 
 
 10
 Huntley contends appellate counsel was ineffective for failing to raise on appeal the claims raised in this petition. We reject the claim for lack of prejudice. See Strickland, 466 U.S. at 687.
 
 D. Other Claims
 
 11
 We deny Huntley's challenges to three pretrial photo identifications and to three jury instructions for the reasons stated by the district court.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Huntley has failed to show any evidence not brought out at trial which could have further impugned these witnesses' testimonies. Therefore, we reject his claim that counsel was ineffective for not developing these matters further. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Huntley also faults counsel for failing to request instructions regarding the inherent unreliability of testimony by addicts and persons with criminal convictions. Because the jury knew all of the matters of which Huntley now complains yet still convicted Huntley, we reject the claim for lack of prejudice. See id